UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:13-cr-145-FtM-29CM

QUINTON PAUL HANDLON
_____

**OPINION AND ORDER**

On February 11, 2014, United States Magistrate Judge Douglas N. Frazier submitted a Report and Recommendation (Doc. #34) to the Court recommending that Defendant's Motion for Pre-trial Suppression Hearing (Doc. #20) be denied.[1]  Defendant filed Objections (Doc. #37) on February 25, 2014.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  See also United States v. Farias-Gonzalez, 556 F.3d

---

[1] The magistrate judge held a suppression hearing, took testimony, and recommends denial of the substantive relief requested by defendant.

1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

The material facts are not in dispute, and the summary in the Report and Recommendation, pages 1-4, is accepted and adopted. To summarize: Law enforcement officers obtained a search warrant for defendant's residence. On May 8, 2013, officers waited outside defendant's residence for defendant to leave his residence and approach his vehicle. As defendant approached the vehicle, two officers approached him and one, Charlotte County Sheriff's Officer Christopher Tissot (Agent Tissot), told defendant he was being detained and that Federal Bureau of Investigation (FBI) agents were clearing his residence. Agent Tissot detained defendant outside the residence for about twenty minutes while other officers executed a search warrant. Neither Agent Tissot nor defendant spoke to one another during this time. When the search was complete, Agent Tissot took defendant inside defendant's residence.

Once inside the residence, Agent Tissot explained to defendant

that the officers had a federal search warrant for his residence and a state arrest warrant from Charlotte County for an incident that occurred with defendant's niece. Defendant responded with what Agent Tissot testified was a puzzled look on his face, and Agent Tissot then commented to defendant that for the past week and a half defendant was not communicating with his niece but with an undercover agent. Defendant responded that he knew it was not his niece because she sounded different. Defendant was then given his Miranda warnings,[2] and provided the officers with a recorded statement.

Defendant maintains that Agent Tissot's comment that defendant had not been communicating with his niece was custodial interrogation which should have been, but was not, preceded by Miranda warnings. Defendant therefore seeks to suppress his verbal statement preceding Miranda warnings. (Doc. #37.)

### III.

As the Report and Recommendation correctly states, a law enforcement officer may not engage in custodial interrogation unless the person is first advised of his Miranda rights. (Doc. #34, p. 5.) Thus to require Miranda warnings, a person must be both in "custody" and subjected to "interrogation." J.D.B. v. North Carolina, 131 S. Ct. 2394, 2402 (2011). The Report and Recommendation found that defendant was in custody at the time of

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

Agent Tissot's comment. Defendant agrees with this finding, (Doc. #37, p. 1), and the government has not objected to it. After considering all the facts and circumstances, the Court agrees that defendant was in custody at the time Agent Tissot made the comment. Viewed objectively, the evidence established that defendant had been seized and that a reasonable innocent person in his situation would have understood that his freedom of action was curtailed to the degree associated with a formal arrest. United States v. Luna-Encinas, 603 F.3d 876, 881 (11th Cir. 2010).

The determinative issue becomes whether defendant was subjected to interrogation while he was in custody. It is undisputed that defendant was not literally interrogated, since he was asked no question prior to receiving his Miranda warnings. It is also clear, however, that "interrogation" includes both "express questioning" and its "functional equivalent." Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980). The "functional equivalent" of express questioning is "words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Innis, 446 U.S. at 301. This "focuses primarily upon the perceptions of the suspect, rather than the intent of the police." Id.

Disclosing evidence to a suspect is not necessarily the functional equivalent of interrogation. United States v. Suarez,

-4-

162 F. App'x 897 (11th Cir. 2005)(telling suspect in custody the positive results of a drug field test was not functional equivalent of interrogation); United States v. McKenzie, 132 F. App'x 788 (11th Cir. 2005)(telling suspect in custody that officers had found drugs in his residence pursuant to execution of search warrant was not functional equivalent of interrogation); United States v. Payne, 954 F.2d 199 (4th Cir. 1992)(agent's statement to suspect in custody that "[t]hey found a gun at your house" was not functional equivalent of interrogation).  The Court finds that in light of all the circumstances of this case, the comment by Agent Tissot did not constitute interrogation.  Therefore, after careful review, the Court agrees with the findings of fact and ultimate conclusion made by the magistrate judge.  Accordingly, the Court will adopt the Report and Recommendation and will deny the motion to suppress.

Accordingly, it is now

**ORDERED**:

1.  The Magistrate Judge's Report and Recommendation (Doc. #34) is **accepted and adopted**, and it is specifically incorporated into this Opinion and Order.

2.  Defendant's Motion for Pre-trial Suppression Hearing (Doc. #20) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
U.S. Magistrate Judge
Counsel of Record
DCCD