UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                            CASE NO: 2:13-cr-145-FtM-29CM

QUINTON PAUL HANDLON

---

**OPINION AND ORDER**

This matter comes before the Court on defendant's *pro se* Motion for a New Trial (Doc. #126) filed on June 5, 2015. The United States' Response in Opposition (Doc. #132) was filed on June 12, 2015.

Rule 33 allows a defendant to file a motion for a new trial within three years after the verdict if the motion is based on "newly discovered evidence." Fed. R. Crim. P. 33(b)(1). The court may grant the motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). To succeed on a Rule 33 motion based on newly discovered evidence, the defendant must establish that: "(1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a

different result." United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (internal quotation marks omitted). The failure to establish any one of these elements is fatal to a motion for a new trial. United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995). Motions for a new trial based on newly discovered evidence "are highly disfavored ... and should be granted only with great caution." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc) (internal quotation marks omitted). The decision whether to hold an evidentiary hearing on a motion for a new trial based on newly discovered evidence is within the trial court's sound discretion. United States v. Slocum, 708 F.2d 587, 600 (11th Cir. 1983). A defendant is not entitled to an evidentiary hearing on a Rule 33 motion if "the acumen gained by a trial judge over the course of the proceedings [made him] well qualified to rule . . . without a hearing." United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997) (internal quotation marks omitted).

  The undersigned presided over the trial and sentencing in this case, and remembers it well. In addition, the Court has reviewed the trial transcripts (Docs. ##115-18) which were filed

prior to sentencing. The Court finds that defendant has not established any basis for a new trial.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for a New Trial (Doc. #126) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record