UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

QUINTON PAUL HANDLON,

Petitioner,

v. Case No: 2:26-cv-1762-SPC-KRH
2:13-cr-145-SPC-KRH

UNITED STATES OF AMERICA,

Respondent.

---

**OPINION AND ORDER**

Before this Court is Quinton Paul Handlon's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1).[1] In response, the United States filed a motion to dismiss the motion for lack of jurisdiction. (Doc. 5). Handlon replied. (Doc. 6). For the below reasons, Handlon's motion will be dismissed for lack of jurisdiction.

**Background**

In 2013, a federal grand jury charged Handlon with three counts related to child pornography. (Cr-Doc. 1). Handlon proceeded to trial and the jury returned a verdict of guilty on all counts of a Superseding Indictment (Cr-Doc.

---

[1] The Court cites to documents from 2:26-cv-1762-SPC-KRH as "Doc. _" and documents from 2:13-cr-145-SPC-KRH as "Cr-Doc. _."

60). (Cr-Doc. 88). Handlon was sentenced to 360 months of imprisonment on Count One for production of child pornography, to a term of life on Count Two for coercing and enticement of a minor for the production of child pornography, and 120 months as to Count Three for possession of child pornography, to be served concurrently. (Cr-Doc. 129). This was affirmed on appeal. *United States v. Handlon*, 667 F. App'x 989, 990 (11th Cir. 2016).

On November 4, 2016, Handlon filed his first Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cr-Doc. 149) raising four issues: (1) a Fourth Amendment violation; (2) the destruction of email evidence; (3) ineffective assistance of counsel; and (4) a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Court denied the motion in its entirety. *Handlon v. United States*, No. 2:16-CV-813-FTM-29UAM, 2019 WL 2086005, at *1 (M.D. Fla. May 13, 2019).

In 2023, Handlon sought leave to file a successive motion pursuant to 28 U.S.C. § 2255 based on newly discovered evidence that the Federal Bureau of Investigation ("FBI") had a history of evidence tampering. (Doc. 5 at 3). On January 4, 2024, the Eleventh Circuit denied the request for failure to satisfy the criteria in 28 U.S.C. § 2255(h). (Cr-Doc. 194).

## Legal Standard

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "dramatically limits successive attempts at habeas relief." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). Before a second or successive motion is filed, it

> must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). If a petitioner has a claim that did not exist "before his proceedings on his initial § 2255 motion concluded," the "numerically second motion is not 'second or successive,' and §2255(h)'s gatekeeping provision does not apply." *Stewart*, 646 F.3d at 865.

## Discussion

In the current motion, petitioner raises only one ground of factual innocence arguing that the FBI withheld emails until after trial, and that false testimony was allowed to stand. (Doc. 1 at 4). Petitioner argues that (1) the U.S. Supreme Court decision in *Bowe v. United States*, 607 U.S. 13 (2026) removed the "second or successive restrictions," (2) *Bowe* removed the

"automatic bar on second § 2255 motions," and (3) petitioner's "claims were never properly reviewed under the correct standard" requiring a full merits review. (Doc. 1 at 13).

In *Bowe*, the U.S. Supreme Court found that a panel can authorize a *federal* prisoner's second or successive motion only if one of the two grounds in Section 2255(h) is satisfied: (1) newly discovered evidence and (2) a new rule of constitutional law that is made retroactive. *Bowe*, 607 U.S. at 39. This is so, even if the exact same claim was raised in a prior Section 2255 petition. *Id. at 40–41, abrogating In re Baptiste*, 828 F.3d 1337 (11th Cir. 2016) (which applied the bar in 28 U.S.C. § 2244(b)(1) to federal petitions). "All claims, even the repeat ones, must meet the 'strictly limited' threshold requirements of § 2255(h), [] and should they survive that review, they must still conform with the demanding statute of limitations contained in § 2255(f) . . . . Very few claims will satisfy either, let alone both." *Id.* at 41.

That means, to pass through the narrow gate of § 2255(h), the application must either identify "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or it must rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that

was previously unavailable." *In re Bowe*, 166 F.4th 1267, 1271–72 (11th Cir. 2026) (citing *Bowe*, 607 U.S. at 22-23; 28 U.S.C. § 2255(h)(1)–(2)).

There is no indication petitioner has sought or obtained such certification from the Eleventh Circuit, and this requirement has not been altered by *Bowe*. In the absence of an order authorizing the undersigned to consider a second or successive motion, the current motion must be dismissed for lack of jurisdiction.

**Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Handlon has not made the requisite showing here and may not have a certificate of appealability.

Accordingly, it is now

**ORDERED:**

The Motion to Dismiss Handlon's Successive 28 U.S.C. § 2255 for Lack of Jurisdiction (Doc. 5) is **GRANTED** and Quinton Paul Handlon's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DISMISSED** for lack of jurisdiction. The Clerk shall enter judgment and close the civil case.

**DONE and ORDERED** in Fort Myers, Florida on August 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record